1

2

3

4

5

6

7

8

9

10 UNITED STATES DISTRICT COURT

11 CENTRAL DISTRICT OF CALIFORNIA

12

13 MICHAEL GROSSMAN, MICHAEL ) Case No. 5:16-CV-01840-GW-SP
LUDIN, AND ALL SIMILARLY )
14 SITUATED MEMBERS AND ) Honorable George H. Wu
COVERED BENEFICIARIES OF )
15 DEFENDANT'S HEALTH PLAN, ) **PROTECTIVE ORDER AND**
) **CONFIDENTIALITY**
16 ) **AGREEMENT**
Plaintiffs, )
17 )
) Third Amended Complaint filed:
18 v. ) March 14, 2017
)
19 DIRECTORS GUILD OF AMERICA, )
INC. AND TRUSTEES OF THE DGA )
20 PRODUCER HEALTH PLAN )
)
21 )
Defendants. )
22 )
)
23 )
)
24 )
)
25 )

26

27

28

## I.  PURPOSES AND LIMITATIONS

The parties anticipate that discovery in this action is likely to involve production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In the interest of ensuring an efficient and prompt resolution of the above captioned action and of protecting confidential information from improper disclosure, Plaintiffs Michael Grossman and Michael Ludin ("Plaintiffs") and Defendant Trustees of the Directors Guild of America-Producer Health Plan ("Defendant," and together with Plaintiffs, the "Parties"), by and through their counsel of record, hereby stipulate to the following Stipulated Protective Order and Confidentiality Agreement (the "Order").  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XII.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### A.  GOOD CAUSE STATEMENT

This action is likely to involve confidential health/identifying information, trade secrets, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential health/identifying information, confidential business or financial

information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II. DEFINITIONS

    A.   "Action" means the above-captioned case pending in this Court, including any related discovery, pretrial, trial, post-trial or appellate proceeding.

    B.   "Confidential Health/Identifying Material" shall mean personally identifiable information the confidentiality and privacy of which is protected by applicable federal, state or local law including, without limitation, "protected health information" as defined in 45 C.F.R. § 160.103 (promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA")) and "personal information" as defined in

California Civil Code Sections 1798.80, 1798.81.5 and 1798.82. It includes Discovery Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that identifies a Plan participant or beneficiary in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. Confidential Health/Identifying Material also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests for information or documentation related to a Plan participant or beneficiary, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Health/Identifying Material. Confidential Health/Identifying Material further includes, but is not limited to, records that contain any of the following participant, patient, or member identifiers:

1. Names;

2. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

-4-

3.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

4.   telephone numbers;

5.   fax numbers;

6.   electronic mail addresses;

7.   social security numbers;

8.   medical record numbers;

9.   health plan beneficiary numbers;

10.  account numbers;

11.  certificate/license numbers;

12.  vehicle identifiers and serial numbers, including license plate numbers;

13.  device identifiers and serial numbers;

14.  web universal resource locators ("URLs");

15.  internet protocol ("IP") address numbers;

16.  biometric identifiers, including finger and voice prints;

17.  full face photographic images and any comparable images; and

18.  any other unique identifying number, characteristic, or code.

C.   "Confidential Business Material" shall mean Discovery Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that reflect information of a proprietary business or confidential nature and which the Designating Person would not normally reveal to competitors,

potential competitors or third parties or which the Designating Person would cause third parties to maintain in confidence, or documents and/or information that any of the Parties believe to constitute or contain trade secrets, proprietary information, confidential research, development, testing, or commercial information, or other similar information that warrants confidential treatment. "Confidential Business Material" includes, but is not limited to: private or confidential data about specific customers or employees, or former customers or employees of the Designating Party, the Designating Party's vendors, or other related entities; documents and/or information concerning aspects of the Designating Party, the Designating Party's vendors', or other related entities' business not known to the general public; documents and/or information concerning the relevant entity's policies, practices and/or procedures or other internal operational matters; documents and/or information concerning the relevant entity's finances except as generally available to the public; any other similar information concerning the relevant entity's business; and any summaries or compilations of the information contained in the aforementioned documents, to the extent that such summaries or compilations themselves include Confidential Business Material; all contracts and agreements with respect to welfare benefit servicing and claim handling in connection with claims for benefits of the sort asserted by Plaintiffs in this case; and all memoranda, correspondence, emails or other documents which reflect, refer or relate to any such contracts and agreements.

D.  "Counsel" shall refer to Counsel of Record for the Parties (including support staff).

E.  "Counsel of Record" shall refer to attorneys who have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

F.  "Designating Person" shall refer to a Person (including a Party) that designates information or items that it or another Party or Non-Party produces in this matter as "Confidential."

G.  "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.  "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.  "Non-Party" shall mean  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.  "Order" shall refer to this Stipulated Protective Order.

K.  "Party" or "Parties" mean any named party to this action, including all counsel and their support staff.

L.  "Person" shall refer to and include:

39545396v.5

1    1. all Parties to the Action; and

2    2. any other person or entity receiving, producing or

3      disclosing Discovery Material in the Action.

M. "Producing Person" or "Producing Party" shall mean and refer to a Person (including a Party) that produces Discovery Material in the Action.

N. "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, processing, or retrieving data in any form or medium) and their employees and subcontractors.

O. "Protected Material" shall mean Confidential Health/Identifying Material and/or Confidential Business Material that is designated as "Confidential".

P. "Receiving Person" or "Receiving Party" shall mean and refer to a Person (including a Party) that receives Discovery Material from a Producing Person or Producing Party.

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

2. <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (*see, e.g*., Section V.3 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents in .tiff or image format, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  In the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, or by affixing the CONFIDENTIAL legend or  to the media containing the Discovery Material (e.g., CDROM, floppy disk, DVD).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must mark them in accordance with the preceding paragraph.

(b)  in the case of depositions or other pretrial testimony:  (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 30 days of receipt of the transcript of the deposition or other

39545396v.5

pretrial testimony; provided that only those portions of the transcript designated as Confidential shall be deemed Protected Material. The Parties may modify this procedure for any particular deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3. <u>Inadvertent Failures to Designate.</u> Failure to designate Discovery Material as Protected Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as "Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party failed to designate as "Confidential," (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Protected Material, or (ii) in a manner consistent with Section V.2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Protected Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Protected Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material prior to its designation as

"Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material; (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced; (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order; and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Section VII of this Stipulation and Order.  If the Receiving Party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, then the Receiving Party shall notify the Producing Party within fourteen days of notice from the Producing Party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things.  The Receiving Party's disclosures, prior to the receipt of notice from the Producing Party of a new designation, of Protected Material to unauthorized parties or individuals shall not be deemed a violation of this Stipulation.  The Producing Party shall promptly provide substitute copies of produced material bearing the appropriate confidentiality designation in accordance with Section V.2.  Within 14 days of the receipt of substitute copies of the produced material, the Receiving Party shall return or destroy said originally produced material and not retain any copies thereof.  If the Receiving Party disagrees with the redesignation of the produced material, it may challenge the redesignation pursuant to and in the manner prescribed in Section VI.

## VI.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

2.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII.  ACCESS TO AND USE OF PROTECTED MATERIAL

1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII, FINAL DISPOSITION, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

39545396v.5

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) subject to Section VII.3, Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j) subject to Section VII.4, the Department of Labor.

3.   <u>Disclosure to Experts</u>.

Protected Material may be provided to any expert or consultant only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel or a Party in this Action, provided that such expert or consultant is using said Protected Material solely in connection with this Action, and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party or the Party showing, providing, or disclosing Protected Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

4.   <u>Disclosure to the Department of Labor</u>.

If any Plaintiffs desire to disclose Protected Material they receive in the course of this litigation to the Department of Labor ("DOL") pursuant to Section VII.2(j) above, they may do so only under the following circumstances: Plaintiffs must identify to Defendant the documents, pleadings and other discovery in this matter produced by Defendant that they intend to submit to the DOL. Defendant will have ten days from receipt of such notification and any related documents to review the material and bring to the Court's attention any objections to the disclosure. Plaintiffs will not be permitted to provide to the DOL any objected to materials until the Court has ruled on Defendant's objections. Notwithstanding the foregoing, Plaintiffs are not to disclose

39545396v.5

Confidential Health/Identifying Material to the DOL unless required or permitted by applicable law.

**VIII.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**IX.** **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information

-16-

produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of privileged or protected material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  Regardless of the steps taken to prevent disclosure, if a party produces information that it discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, and the Receiving Party may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged or protected materials.

In such circumstances, the Producing Party must notify in writing the Receiving Party of the production and the basis for the privilege or other protection, and request in writing the return or treatment of the produced privileged or protected information consistent with Federal Rule of Civil Procedure 26(b)(5)(B).  When a Producing Party provides such notice, the obligations of the

-18-

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), and encompass all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## XII.  MISCELLANEOUS

1.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3.  <u>Filing Protected Material</u>. Material that has been designated "Confidential" pursuant to this Order, by any Party or by any Designating Party shall not be filed, independently or as an attachment or exhibit to any other document, in the public court file unless redacted to remove all Confidential Health/Identifying Material or Confidential Business Material from the filed document, or except as provided in Civil Local Rule 79-5.  In other words, so long as all Protected Health Information ("PHI"), Personally Identifiable Information ("PII"), and any other private and Protected Material has been redacted, the Parties need not file motions to seal.

4.  <u>Effective Upon Execution of the Parties</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation,

and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

### XIII. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material of the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, the parties and Counsel are not required to secure the return or destruction of Protected Materials submitted to the court or their own archival copies thereof. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV, DURATION.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

\\
\\

PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT / Case No. 5:16-CV-01840-GW-SP

39545396v.5

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 29, 2017_____

_____

Hon. Sheri Pym
United States Magistrate Judge

PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT / Case No. 5:16-CV-01840-GW-SP

39545396v.5

# EXHIBIT "A"

39545396v.5

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Grossman v. Directors Guild of America, Inc.*, Case No. 5:16-CV-01840-GW-SP.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Print Name: _____


Signature: _____